IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. WALKER,** | : | Civil No. 4:10-CV-0467 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **BERNIE J. ZOOK, et al.,** | : | |
| **Defendants** | : | |

# REPORT AND RECOMMENDATION

## I. Statement of Facts and of the Case

This is a *pro se* civil rights complaint brought by James Walker, who complains that state police, state court officials, prison officials, prothonotary staff and clerk's office personnel, have all violated his civil rights in the course of state criminal proceedings brought against Walker in the Court of Common Pleas of Mifflin County. Walker's complaint involves alleged denials of access to court records, false testimony in court proceeding, erroneous rulings in the course of his criminal case, and other alleged misconduct. (Doc. 11.)

One of the Defendants named in this complaint is Magisterial District Judge Barbara Clare. As to Judge Clare, all of the allegations in the amended complaint lodged against the judge stem from the performance of her judicial duties;

1

specifically, from her presiding over Walker's state court preliminary hearing. In his complaint, Walker alleges that Judge Clare "refused to acknowledge facts leading to arrest such as no probable cause and illegal searches . . .." (Doc. 11, ¶ 8.) Furthermore, Plaintiff alleges that Judge Clare "raised Mr. Walker's bail for not waiving preliminary hearing." (Id., ¶ 29.) Finally, in the complaint, Walker questions the court's rulings from the bench, alleging that Judge Clare did not make a "fair and unbiased ruling." (Id., ¶ 28.) On the basis of these complaints concerning the performance of her judicial duties, Walker sues Judge Clare in her individual capacity, (Id., ¶ 8), seeking an unspecified amount of punitive and compensatory damages. (Id., ¶ 63.)

Judge Clare has moved to dismiss this complaint, citing the immunity from lawsuits generally conferred upon judicial officers. (Doc. 18.) This motion has been fully briefed by the parties, and is now ripe for resolution. For the reasons set forth below, it is recommended that the motion to dismiss be granted.

**II. Discussion**

    **A. Motion to Dismiss Under Rule 12(b)(6)–Standard of Review**

The Defendant having filed a motion to dismiss, this Court must assess whether the *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint

should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint names proper parties to the lawsuit.

### B. Magisterial District Judge Clare Is Entitled to Immunity from Lawsuit.

To the extent that Walker seeks in his complaint to hold a state judge personally liable for civil rights violations, it is well-settled that such an official is individually cloaked with immunity from liability. The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n. 20 (grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986)(parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.

These longstanding common law immunities for judicial, quasi-judicial, and prosecutorial officials are applicable here and prevent Walker from maintaining this civil action against the individual Defendant he has named in his complaint, Magisterial District Judge Clare. Indeed, it is well-established that a judge, like Magisterial District Judge Clare, who presides over a case is entitled to absolute

judicial immunity for her actions taken in the course of that case. Kwasnik v. Leblon, 228 F.App'x 238, 243 (3d Cir. 2007). As the Third Circuit explained when it rejected a similar effort to impose personal civil rights liability on a judge in a state case, this immunity is both broad and absolute:

> A judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted).

Kwasnik, 228 F.App'x at 243.[1]

This judicial immunity applies to Section 1983 actions like the lawsuit brought here by Walker, see Dennis v. Sparks, 449 U.S. 24, 27 (1980), and embraces both requests for damages, as well as costs and attorney's fees. See Corliss v. O'Brien, No. 3:05-CV-0347, 2005 WL 2334792 (M.D. Pa. 2005), aff'd, 200 F.App'x. 80 (3d Cir. 2006). This judicial immunity also expressly extends to Pennsylvania magisterial district court judges. Indeed, as the United States of Appeals for the Third Circuit has aptly observed, there is no distinction "between

---

[1] While this decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).

judges of courts of limited and general jurisdiction" when applying the judicial immunity doctrine, Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000), and "[t]he doctrine of judicial immunity applies equally to courts of limited jurisdiction, such as district justices, as to courts of general jurisdiction." Martin v Bicking, 30 F.Supp.2d 511, 512 (E.D. Pa. 1998); see also Schuler v. City of Chambersburg, 641 F.Supp. 657, 659 (M.D. Pa. 1986); Horne v. Farrell, 560 F.Supp. 219, 222-23 (M.D. Pa. 1983). Moreover, this judicial immunity specifically applies to judicial actions ruling on bail requests, making probable cause determinations, and presiding over preliminary hearings in state criminal cases. See, e.g., Pokrandt v. Shields, 773 F.Supp. 758 (E.D. Pa. 1991); Fox v. Castle, 771 F.Supp. 411 (M.D. Pa. 1977). Thus, the very judicial acts complained of here by Walker are actions which are clearly encompassed by this absolute judicial immunity from lawsuit. Nor can Walker vitiate this immunity by claiming that Judge Clare erred in her rulings. Even if Judge Clare's decisions were in error, those rulings still may not give rise to civil liability since judicial immunity applies to all of a judge's rulings, even those that are later determined to be mistaken. See Gallas v. Supreme Court of Pennsylvania., 211 F.3d 760, 769 (3d Cir. 2005).

In our view, these issues of judicial immunity are insurmountable obstacles to the Plaintiff maintaining this lawsuit. Therefore, the complaint must be dismissed for failure to state a claim upon which relief can be granted. In reaching this conclusion, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, we provided the Plaintiff with an opportunity to amend these pleadings, but to no avail. The current complaint still fails to state a viable civil rights cause of action as to Judge Clare. Since the Plaintiff has been afforded the opportunity to correct the deficiencies identified in the original complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Id. Therefore, it is recommended that the complaint be dismissed without further leave to amend.

.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss the Plaintiff's complaint as to Judge Clare for the failure to state a claim upon which relief can be granted (Doc. 18) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of August, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge