IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. WALKER, | : | |
|     Plaintiff | : | Civil Action No. 4:10-cv-0467 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| BERNIE J. ZOOK, et al., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**

Pending before the Court is Magistrate Judge Carlson's Report and Recommendation that this civil action be dismissed for failure to state a claim. (Doc. No. 26.)[1] Plaintiff James Walker filed a pro se civil rights complaint against the state police, state court officials, prison officials, prothonotary staff, and clerk's office personnel, alleging denial of access to court records, false testimony in court proceedings, erroneous rulings in his criminal case, and other misconduct. (Doc. No. 11.) One of the Defendants named in the complaint, Magisterial District Judge Barbara Clare, moved to dismiss the claims against her on the ground that all allegations in Plaintiff's amended complaint stem from the performance of her judicial duties, and are thus barred by the doctrine of absolute judicial immunity. (Doc. No. 18.) Following briefing by both parties, Judge Carlson recommended Judge Clare's motion be granted. (Doc. No. 26.)

Plaintiff raised the following allegations against Judge Clare in his amended complaint:

---

[1]The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

(1) Judge Clare "refused to acknowledge facts leading to arrest such as no probable cause and illegal searches" (Doc. No. 11 ¶ 8); (2) Judge Clare "raised Mr. Walker's bail for not waiving a preliminary hearing" (Id. at ¶ 29); and (3) Judge Clare did not make a "fair an unbiased ruling" in his case (Id. at ¶ 28). Plaintiff sued Judge Clare in her individual capacity, seeking unspecified punitive and compensatory damages. (Id. at ¶¶ 8, 63.) This Court agrees with Judge Carlson's well-reasoned Report and Recommendation, which found that these claims are barred. As the United States Supreme Court has explained, "[a] judicial officer in the performance of his or her duties has absolute immunity from suit." Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Plaintiff did not file objections to the Report and Recommendation. However, on September 2, 2010, Plaintiff filed a motion to prevent dismissal of the suits of any named Defendant prior to a deposition having been taken. (Doc. No. 31.) The document does not raise any specific objections to the report, nor does it mention Judge Clare, although it does take note of a number of motions to dismiss from other defendants. (Doc. No. 31.) Even construing the document liberally, Plaintiff is unable to raise any meritorious objections. Therefore, upon de novo review, the Court finds that Plaintiff's amended complaint fails to assert a claim upon which relief may be granted and that any further amendment would be futile.

**AND NOW**, on this 29th day September 2010, upon consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. No. 26), and Plaintiff's objections thereto (Doc.

No. 31), **IT IS HEREBY ORDERED THAT** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 22) is **ADOPTED**.  The Motion to Dismiss claims against Defendant Barbara Clare is **GRANTED**.  The case is remanded to the Magistrate Judge for further proceesings.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania