**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES A. WALKER,** | : | |
| **Plaintiff** | : | **Civil Action No. 4:10-cv-0467** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **BERNIE J. ZOOK, et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendants** | : | |

**MEMORANDUM ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**

Pending before the Court are Magistrate Judge Carlson's Reports and Recommendations regarding two motions to dismiss.  (Doc. Nos. 36, 37.)  Plaintiff James Walker filed a pro se civil rights complaint against the state police, state court officials, prison officials, prothonotary staff, and clerk's office personnel, alleging denial of access to court records, false testimony in court proceedings, erroneous rulings in his criminal case, and other misconduct.  (Doc. No. 11.) Defendants Jason Holland and Timmothy Marone  ("State Police Defendants")  filed a motion to dismiss on July 29, 2010.  (Doc. No. 24.)  On August 6 2010, Defendants Mifflin County, Bernie Zook, James Crisswell, Kathy Elliott, Patti Burke, Sue Hummel, and Tammy Stuck ("County Defendants") filed their own motion to dismiss.  (Doc. No. 28.)  The Police Defendants and County Defendants filed briefs in support of their motions.  (Doc. Nos. 25, 29.)  Rather than filing a formal brief in opposition to these motions, Plaintiff filed a motion "to keep all defendants named in this suit from being dismissed until depositions and/or statements can be taken from all defendants in the next phase of proceedings." (Doc. No. 31.)  In response, the State Police Defendants filed a brief in opposition to Plaintiff's motion.  (Doc. No. 33.)  The

County Defendants simply filed a reply brief responding to Plaintiff's motion. (Doc. No. 32.)

On October 15, 2010, Magistrate Judge Carlson recommended the County Defendants' motion

be granted. (Doc. No. 36.) On October 25, 2010, he recommended the State Police Defendants'

motion be denied. (Doc. No. 37.) No objections to either Report and Recommendation were

filed by any party.[1]

## I.    COUNTY DEFENDANTS

Plaintiff's amended complaint alleges that the County Defendants denied Plaintiff access

to the Courts. (Doc. No. 11 ¶¶ 37-61.) This Court agrees with Magistrate Judge Carlson's

cogent Report and Recommendation, which found that these claims must fail. (Doc. No. 36.) To

state a claim for lack of access to the courts, Plaintiff must show that he has been denied

meaningful access to the courts that resulted in an actual injury. Lewis v. Casey, 518 U.S. 343,

351-52 (1996). Plaintiff fails on both counts. It is undisputed that Plaintiff was granted court

appointed counsel, which the United States Court of Appeals for the Third Circuit has found is

"one means by which a state may provide prisoners with meaningful access to courts." Peterkin

v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988). Moreover, appointed counsel was ultimately

successful in suppressing evidence seized by the police and having the criminal charges against

Plaintiff dismissed. (Doc. No. 11 ¶ 62.) Because Plaintiff was granted access to counsel and

suffered no prejudice as a result of any of the County Defendants actions, his access-to-the-courts

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

claim must fail as a matter of law.[2]

## II.    STATE POLICE DEFENDANTS' MOTION TO DISMISS

Plaintiff's amended complaint alleges a variety of constitutional violations committed by the State Police Defendants. (Doc. No. 11 ¶¶ 6-7, 19-25.) The State Police Defendants moved to dismiss on the grounds that Plaintiff's complaint failed to state a claim or in the alternative that the State Police Defendants are entitled to qualified immunity. (Doc. No. 25.) However, the State Police Defendants' brief invites the Court to consider matters beyond the pleadings, including "the transcript of the Preliminary Hearing and other public documents." (Id. at 9.) Magistrate Carlson properly concluded that this went beyond the scope of Rule 12(b)(6) and would require the Court to consider the issue as on summary judgment. Rather than recommending that the State Police Defendants' motion to dismiss be converted into a motion for summary judgment, Magistrate Carlson recommended the motion to dismiss be denied and the State Police Defendants be granted 60 days to file a summary judgment motion. (Doc. No. 37 at 17.)

In making his recommendation, the Magistrate balanced the need to resolve qualified immunity questions at the earliest stage possible to prevent officials from being "subjected to unnecessary and burdensome discovery or trial proceedings," Crawford-El v. Britton, 523 U.S. 574, 597-98 (1998), against the need to protect the rights of pro se plaintiffs, Renchenski v. Williams, No. 07-3530, 2010 WL 3835217, at *19 (3d Cir. Oct. 4, 2010). Although, the Court

---

[2] Magistrate Carlson also enumerates a number of additional reasons why this claim must fail. The Court agrees with Magistrate Carlson that dismissal is warranted on these grounds as well; however, because it is clear Plaintiff cannot state a claim the Court will not discuss these additional grounds for dismissal.

does not believe <u>Renchenski</u> requires the State Police Defendants' motion be denied, the Court is satisfied that Magistrate Judge Carlson's recommendation addresses the concerns expressed by the Third Circuit in <u>Renchenski</u>, while still ensuring a timely disposition of these matters.

**ACCORDINGLY**, on this 23rd day of November 2010, upon consideration of Magistrate Judge Carlson's Reports and Recommendations (Doc. Nos. 36, 37), **IT IS HEREBY ORDERED THAT**:

1.  The Report and Recommendation regarding the County Defendants' motion to dismiss (Doc. No. 36) is **ADOPTED** and the County Defendants' motion to dismiss (Doc. No. 28) is **GRANTED**.

2.  The Report and Recommendation regarding the State Police Defendants' motion to dismiss (Doc. No. 37) is **ADOPTED** and the State Police Defendants' motion to dismiss (Doc. No. 24) is **DENIED**.

3.  The State Police Defendants **SHALL** file a properly documented motion for summary judgment within 60 days.

4.  **IT IS FURTHER ORDERED** that all further proceedings in this matter are stayed pending the return of Defendant Holland from his overseas military service pursuant to 50 U.S.C. § 522.

5.  **IT IS FURTHER ORDERED** that any further pre-trial proceedings in this matter will be referred to Magistrate Judge Carlson.

                S/ Yvette Kane
                Yvette Kane, Chief Judge
                United States District Court
                Middle District of Pennsylvania